Filed 8/12/25  P. v. Locke CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B336724 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA042730) |
| v. | |
| NATHANIEL LOCKE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William L. Sadler, Judge.  Affirmed.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Nathaniel Locke appeals from the trial court's December 15, 2023, order denying his petition for recall and resentencing pursuant to Penal Code section 1170, subdivision (d)(1).[1]  We affirm.

## BACKGROUND

### I. *Conviction and Sentencing*[2]

In 2002, a jury convicted defendant of second degree murder and found true the allegation that defendant personally used a firearm within the meaning of section 12022.53, subdivision (d).  (*People v. Locke* (Mar. 4, 2004, B163950) [nonpub. opn.] (*Locke*).)  The trial court sentenced defendant to an aggregate term of 40 years to life in state prison.  (*Ibid.*)

We affirmed the judgment on direct appeal.  (*Locke, supra,* B163950.)

### II. *Petition for Recall and Resentencing*

On August 15, 2023, defendant filed a petition for recall and resentencing pursuant to section 1170, subdivision (d)(1). Defendant alleged that he was 16 years old at the time of the crime and had been incarcerated for more than 15 years.  Relying on *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*), defendant argued that he was entitled to relief because he had been sentenced to the functional equivalent of life without the possibility of parole (LWOP) and satisfied the other criteria for resentencing.  The People opposed the petition.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     Because it is not relevant to this appeal, we omit a recitation of the facts underlying defendant's conviction.

III. *Trial Court's Ruling*

After entertaining oral argument on December 15, 2023, the trial court denied defendant's petition. The court concluded that because defendant's 40 years to life sentence was not the functional equivalent of LWOP, he was ineligible for relief under section 1170, subdivision (d)(1). The court noted that defendant would be eligible for parole at the age of 56; thus, "barring disease or accident," defendant would "undoubtedly hit the age of parole eligibility."

IV. *Appeal*

This timely appeal ensued.

## DISCUSSION

I. *Standard of Review*

We apply de novo review where, as here, the appeal turns on questions of law and the application of law to undisputed facts. (*People v. Ashford University, LLC* (2024) 100 Cal.App.5th 485, 518.)

II. *Relevant Law*

Under section 1170, subdivision (d)(1)(A), "[w]hen a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing."

On its face, section 1170, subdivision (d), limits relief to juvenile offenders sentenced to LWOP. (*People v. Olmos* (2025) 109 Cal.App.5th 580, 583 (*Olmos*).) However, in *Heard, supra*, 83 Cal.App.5th 608, the Court of Appeal held that denying the opportunity to petition for section 1170, subdivision (d)(1)(A) relief to juvenile offenders sentenced to the functional equivalent

3

of LWOP violates the constitutional guarantee of equal protection.  (*Heard*, *supra*, at pp. 612, 626–634; accord *People v. Cabrera* (2025) 111 Cal.App.5th 650, 653 (*Cabrera*); *People v. Sorto* (2024) 104 Cal.App.5th 435, 454 (*Sorto*).)

"[A] sentence is the functional equivalent of LWOP if it includes a 'term of years with a parole eligibility date that falls outside the juvenile offender's natural life expectancy.' [Citation.]" (*Sorto*, *supra*, 104 Cal.App.5th at p. 443.)  "[A] functionally equivalent LWOP sentence provides no meaningful possibility of parole and effectively condemns the offender to die in prison." (*Id.* at p. 451.)

III.  *Analysis*

The trial court properly denied defendant's section 1170, subdivision (d)(1) petition because defendant's 40 years to life sentence—rendering him parole eligible at the age of 56—is not the functional equivalent of LWOP.[3]  Defendant's parole eligibility date does not "fall[] outside . . . [defendant's] natural life expectancy"; thus, his sentence does not "effectively condemn[] . . . [him] to die in prison." (*Sorto*, *supra*, 104 Cal.App.5th at p. 451.)  Defendant cites no case holding that sentencing a juvenile to 40 years to life is the functional

---

[3]      We disregard defendant's entitlement to a section 3051 youth offender parole hearing at an even earlier age, as it does not affect the outcome of this appeal.  (See *Sorto*, *supra*, 104 Cal.App.5th at p. 440 ["parole eligibility under section 3051 does not render those offenders ineligible for relief under section 1170(d)"]; but see *People v. Ortega* (2025) 111 Cal.App.5th 1252, 1260 ["The requirement of a youth offender parole hearing moots a juvenile defendant's constitutional claim that he is serving a sentence that is the functional equivalent of LWOP"].)

4

equivalent of LWOP,[4] and we disagree with him that his "parole eligibility at age 56 will not afford him a life worth living."

Because defendant's sentence is not the functional equivalent of LWOP, there is a rational basis for treating his sentence differently from an LWOP or functionally equivalent LWOP sentence.  (See *People v. Hardin* (2024) 15 Cal.5th 834, 847 [when neither a suspect classification nor a fundamental right is implicated, a court will find "'a denial of equal protection only if there is no *rational* relationship between a disparity in treatment and some legitimate government purpose[]'"].)  Accordingly, defendant is not entitled to seek recall and resentencing relief under section 1170, subdivision (d)(1).  (See *Olmos*, *supra*, 109 Cal.App.5th at p. 583 [affirming denial of section 1170, subdivision (d)(1)(A) petition where the defendant's 33 years to life sentence was not the functional equivalent of LWOP].)

---

[4]      In *People v. Contreras* (2018) 4 Cal.5th 349, 369, our Supreme Court held, in the context of a nonhomicide offense, "that a sentence of 50 years to life is functionally equivalent to LWOP" for purposes of the Eighth Amendment.  Courts of Appeal are split, however, on the issue of whether a 50 years to life sentence is the functional equivalent of LWOP for the purpose of an equal protection challenge to section 1170, subdivision (d)(1).  (Compare *Cabrera*, *supra*, 111 Cal.App.5th at p. 653 [50 years to life sentence is the functional equivalent of LWOP], with *People v. Munoz* (2025) 110 Cal.App.5th 499, 503, review granted June 25, 2025, S290828 [50 years to life sentence is not the functional equivalent of LWOP].)  Given that defendant's sentence is 10 years less than the sentences at issue in *Contreras* and *Cabrera*, those cases are distinguishable.

**DISPOSITION**

The trial court's December 15, 2023, order denying defendant's section 1170, subdivision (d)(1) petition is affirmed. <u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
ASHMANN-GERST

We concur:

_____, P. J.
LUI

_____, J.
RICHARDSON

6